**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01279 VAP (SPx)                    Date:  August 30, 2011

Title:     GAP FUND LLC AND/OR IT'S SUCCESSORS, AND/OR ASSIGNEES -
           *v*- ERIC JOSEPH AUBRY SR AND TONY AUBRY
================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                               None Present
        Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                              DEFENDANTS:

        None                                        None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO THE
                 SUPERIOR COURT FOR THE COUNTY OF SAN
                 BERNARDINO (IN CHAMBERS)

     On May 27, 2011, Plaintiff Gap Fund LLC ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Eric J. Aubry Sr. and Tony Aubry ("Defendants") in the Superior Court of California, County of San Bernardino.  (Not. of Removal at 26.)  On August 11, 2011 Defendants removed the action on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 2-3.)

     Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v.

MINUTES FORM 11                              Initials of Deputy Clerk ___md___
CIVIL -- GEN                      Page 1

EDCV 11-01279 VAP (SPx)
GAP FUND LLC AND/OR IT'S SUCCESSORS, AND/OR ASSIGNEES v. ERIC JOSEPH AUBRY SR AND TONY AUBRY
MINUTE ORDER of August 30, 2011

Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendants claim removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 2-3.)  Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case.  Defendants do not explain how a case, filed by Plaintiff as one where damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction.  See 28 U.S.C. § 1332.

Defendants have not met their burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California for the County of San Bernardino.

**IT IS SO ORDERED.**